**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frances H. Floyd, Respondent,

v.

South Carolina Department of Revenue, Appellant.

Appellate Case No. 2016-000766

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2019-UP-019
Submitted September 6, 2018 – Filed January 9, 2019

———————

**AFFIRMED**

———————

Elisabeth W. Shields, Sean Gordon Ryan, and Jason Phillip Luther, of Columbia, for Appellant.

Tyler Earl McLeod and Stanley Earl McLeod, of Brown Massey Evans McLeod & Haynsworth, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** The South Carolina Department of Revenue (SCDOR) appeals from the decision of the Administrative Law Court (ALC), arguing the ALC erred in holding Frances Hunter Floyd was not subject to South Carolina income tax for the 2008 tax year. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(A) (Supp. 2018) (providing the Administrative Procedures Act governs appellate review of ALC decisions); S.C. Code Ann. § 1-23-610(B) (Supp. 2018) ("The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *id.* ("The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* at 605, 670 S.E.2d at 676 ("Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC] and is more than a mere scintilla of evidence."); S.C. Code Ann. § 12-6-510(A) (2014) (providing a tax is imposed on the South Carolina taxable income of individuals); S.C. Code Ann. § 12-6-560 (2014) (stating a "resident individual's South Carolina gross income, adjusted gross income, and taxable income is computed as determined under the Internal Revenue Code."); S.C. Code Ann. § 12-6-30(2) (2014) (defining a "resident individual" as "an individual domiciled in this State"); *Ravenel v. Dekle*, 265 S.C. 364, 379, 218 S.E.2d 521, 528 (1975) (defining "domicile" as "the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning" (quoting *Gasque v. Gasque*, 246 S.C. 423, 426, 143 S.E.2d 811, 812 (1965)); *id.* (providing "a person can have only one domicile at a time; one maintains his prior domicile until he establishes or acquires a new one" and "[a] person may have more than one residence, but cannot have more than one domicile or be a citizen of more than one state at the same moment"); *id.* (finding intent is an important element in determining the domicile of any individual; however, "any expressed intent on the part of a person must be evaluated in the light of his conduct[,] which is either consistent or inconsistent with such expressed intent").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.